## UNION CENTRAL LIFE INSURANCE COMPANY *v.* EVANS ET AL.

[No. 3,522.    Filed March 18, 1902.]

APPEAL AND ERROR.—*Evidence.—Bill of Exceptions.*—A bill of exceptions containing the longhand manuscript of the evidence cannot properly be treated as part of the record on appeal where it is not shown that it was filed.    *pp. 518, 519.*

SAME.—*Overruling Motion for Judgment on Answers to Interrogatories.*— A cause will not be reversed because of the action of the court in overruling plaintiff's motion for judgment on answers to interrogatories in an action on a promissory note which originated before a justice of the peace, without plea, where the findings of the jury in answer to interrogatories did not exclude every defense admissible in evidence.    *p. 519.*

From Delaware Circuit Court; *A. O. Marsh*, Special Judge.

Action by the Union Central Life Insurance Company against Albert W. Evans and others on a·promissory note.    From a judgment for defendants, plaintiff appeals. *Affirmed.*

*D. P. Smith*, for appellant.

*G. H. Koons* and *W. P. Koons*, for appellees.

BLACK, J.—This was an action brought by the appellant against the appellees upon a promissory note made by the latter, payable to the former, for $100.    In the court below, there was a trial by jury, and a general verdict in favor of the appellees was returned, with special findings in answer to interrogatories.

The appellant's motion for judgment in its favor "upon the interrogatories herein, notwithstanding the general verdict", was overruled.    The appellant's motion for a new trial also was overruled, and this ruling is assigned as error. The consideration of the matters which counsel have sought to present under this assignment would require an examination of the bill of exceptions containing the official reporter's longhand transcript of the evidence and rulings of

the court upon the trial. The suggestion of counsel for the appellees, that it is not in any manner shown that this bill of exceptions was filed, appears to be correct, and therefore, as urged on behalf of the appellees, we must hold that the bill can not properly be treated as part of the record on appeal.

The only other alleged error is assigned as follows: "The court below erred in overruling appellant's motion for judgment in its favor on the answers returned by the jury to special interrogatories." The statute provides that, when requested by either party, the court shall instruct the jury, when they render a general verdict, to find specially upon particular questions of fact to be stated to them in writing in the form of interrogatories on any or all the issues in the cause; and that when the special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly. §§555, 556 Burns 1901.

It was the purpose of counsel, manifestly, in moving for judgment and in assigning error upon the overruling of the motion, to proceed under these statutory provisions; but we can not approve the loose and inaccurate manner in which it has been sought to present the supposed inconsistency between the jury's special finding of facts and their general verdict.

The action originated before a justice of the peace. There was no plea in abatement or denial of the execution of the note; and all other matter of defense, except the statute of limitations and set-off, might be given in evidence without plea. §1528 Burns 1901, §1460 Horner 1901. The special findings of the jury in answer to interrogatories. did not exclude every defense admissible in evidence without plea. It was not shown by the special findings that the execution of the note was not procured by fraud on the part of the payee; yet such a defense might have been proved without plea.

Judgment affirmed.